FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2018 APR 26 PM 4:47

JEFFREY P. COLWELL
CLERK

BY_______DEP. CLK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Case No. 1-17-cv-00889-LTB-MEH**

**CHARLES R. HOFFMEISTER AND**
**COLEEN C. HOFFMEISTER**
**PLAINTIFFS,**

**v.**

**THE SECRETARY OF THE US TREASURY;**
**US TREASURY DEPARTMENT;**
**SECRETARY OF US DEPARTMENT OF EDUCATION;**
**DEPARTMENT OF EDUCATION;**
**UNITED STATES INTERNAL REVENUE SERVICE,**
**THE FEDERAL STUDENT AID FUND;**
**UNITED STUDENT AID FUNDS, NAVIENT,**
**SALLIE MAE STUDENT LOAN AND STUDENT**
**LOAN FORGIVENESS, BY AND**
**THROUGH MC BUSINESS GROUP;**
**DEFENDANTS,**

**MOTION TO AMEND SCHEDULING ORDER**
**AND REQUEST FOR DISPUTE HEARING**

Plaintiffs come before this Court and respectfully request the Court amend the Scheduling Order and schedule a discovery dispute hearing for the following reasons.

Plaintiffs have conferred with counsel for USA, who does not object to an extension of deadlines. Plaintiffs attempted to request an unopposed position from attorneys for Navient (Sallie Mae), United Student Aid Funds who per usual, have objected to the extension of the deadlines as to Expert Disclosures and written discovery. A telephonic confer was held on April 25, 2018 with a lengthy argumentative discussion and no agreement as to an amendment of the scheduling order, even with Plaintiff's explanation for such amendment as follows:

In the Scheduling Order, the Court set deadlines for disclosures by the parties for December 15, 2017 under Fed. R. Civ. P. 26(a)(1) (Doc. 57). Plaintiffs attempted for two months to confer, work with and request documents from Navient and United Student Aid Funds wasting a great deal of time arguing with counsel due to these Defendants' lack of disclosures. The record shows that Plaintiffs' filed a Motion to Compel for disclosures which the Court responded by stating a telephonic conferral was necessary. A lengthy conferral took place with Defense counsel's continued argument and smoke screen stating they did not owe Plaintiffs' disclosures. In response to this issue, Plaintiffs sent the attached letter (Exhibit A) to Defendants' counsel which finally did garner only disclosures of Plaintiff's signed loan documents, but no other proper disclosures were forthcoming.

To this date, Defendants' counsel have yet to properly supplement or serve any substantial disclosures in that representatives of Navient or United Student Aid Funds have not been identified, nor have any correspondence or emails concerning Plaintiff's student loan or any written procedures for handling student loan collections or other documents been disclosed.

Additionally while counsel just set Plaintiffs' depositions for the middle of May and served discovery requests upon Plaintiffs on the last day of the deadline which are due shortly before their depositions, defense counsel has just notified Plaintiffs and stated emphatically that none of Navient or United Student Aid Funds representatives would be available for depositions which prejudices Plaintiffs' case. This constitutes more of a reason for Plaintiffs' to be able to serve discovery upon these defendants.

Upon serving the "first" instant Motion for Extension of the deadlines to counsel of record, counsel for Defendants Navient and United Student Aid Funds sent an email objecting to statements made in the first Motion (**See Exhibit B and C**). Please note, Plaintiffs can respond to such emails attempting to work amicably, but Defendants' counsel refuse to work amicably to come to any agreement or acknowledge any email request.

Upon honest belief, since Defendants have not identified their representatives or provided any documents identifying anyone with knowledge, the Defendants continued to add to their smoke screen by requesting the name of who Plaintiffs would like to depose and then stating no one is willing to travel to Colorado for depositions. Plaintiffs feel the attached email exchange is another battle, denial and refusal to identify potential deponents and is merely a continuation of the arguments Plaintiffs' have faced with Defense counsel's end result being to roadblock discovery. Plaintiffs could just as easily set depositions via skype or at a Court Reporter's office.

**Plaintiffs would therefore request a dispute hearing in reference to all of the above.**

With the issue of USA's motion to dismiss AND the Court's Recommendations still in consideration, it stands to reason, **if USA Defendants are not dismissed and Plaintiffs somehow convince the Court to alter the Magistrates Judge's Recommendations,** an extension of the dates in the Scheduling Order would be necessary.

Plaintiff cannot deny these issues have taken an additional toll on Plaintiffs' time, along with the crush of her work load at White & Steele. **Regardless of Defendants statement that "I forgot" deadlines which is denied,** this Plaintiff states to the Court that just because she holds a paralegal position with a leading attorney in the community doesn't mean she has any less a

workload or the same crush of business as any attorney. This Plaintiff shows the Court that from February through today's date, Plaintiff billed over 120 hours of time for March, and April continues to be just as hectic. For the Court's review only, Plaintiff attaches a list of the cases she has worked on with duties showing the Court these cases are in the throws of discovery. Plaintiff is not opposed to providing this attachment to counsel, but prefer the same be held as confidential.

Plaintiffs believe that an Amendment of the Scheduling Order is necessary for these reasons. Otherwise, it will immensely prejudice plaintiffs more so than the Defendants in this case. Plaintiffs would like to suggest the following amendments to the Scheduling Order:

a. Deadline for service of Interrogatories; Requests for Production of Documents and/or Admissions: June 5, 2018.

b. Discovery Cut-off: June 30, 2018

d. Plaintiff's Expert Witness Disclosure: June 15, 2018; Defendants' Expert Witness Disclosures, July 15, 2018.

c. Dispositive Motion Deadline: July 15, 2018.

**Respectfully submitted this 26th day of April, 2018.**

**COLEEN C. HOFFMEISTER**
**For Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April, a true and correct copy of the above and foregoing was properly served via email to the following:

Katherine A. Ross
Assistant United States Attorney
U.S. Attorney's Office
for the District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202

Justin D. Balser
Taylor T. Haywood
AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, CO 80202

s/ Colleen C. Hoffmeister
for Plaintiffs

*CHARLES R. & COLEEN C. HOFFMEISTER*
*1298 S QUIETO WAY*
*DENVER, CO 80223*

*Was it Superman that said Truth Justice & the American way?*

*People are not measured by their intelligence, worth or looks, but are measured by their honor, ethics, integrity and treatment of others.*

*Again, I say, we are the sum total of the memories we leave behind.*

*Coleen C. Hoffmeister*

*FEBRUARY 14, 2018*

**Via Fascimile to 303-260-7714**
***and Email***

Justin D. Balser, Esq.
Taylor T. Haywood, Esq.
Akerman LLP
1900 Sixteenth Street, Suite 1700
Denver, CO 80202

RE: Charles R & Coleen C. Hoffmeister v. IRS et al.
Case # 17CV00889-LTB-MEH

Counsel :

This letter is in response to your letter of February 8, 2018 and the Friday February 9, 2018 telephone conference between us in an attempt to confer over Defendants' failure to disclose pursuant to Fed. R. Civ. P. 26(a)(1).

As I suspected, our conference Friday was a waste of time. You both have gone to law school and you both know the Rules of Civil Procedure and your contention that you do not owe proper disclosures was accepted at the face value you presented it. Unbelievable. This will have to be heard by the Court.

As well, you both are aware of Civil Rules of Procedure 37(c) and the case law that follows this rule. You have fought this issue before and are merely using this tactic to continue to delay this case in bad faith. I assure you I do not intend to let this case slide because I've lost patience. I will notice the Court of every instance of delay as necessary.

Aside from the legal issues, I found your questions about my law firm disturbing. My statement to you was no, they don't represent me and you don't need to attempt to make me lose my job, I'll be retiring anyway. As a further response to your inquiry, I consider it against legal ethics for you or anyone from your firm to contact my firm in any manner concerning this case. They have been notified to let me know if this is done and I promise you, I will act accordingly to check with the ethics committee in this matter.

**Motion to Correct Caption:** Your Navient Solutions, Inc. is duly noted. However, I strongly disagree with your contention that Sallie Mae has "reorganized," or is "dissolved" or that the "corporation no longer exists." See the attached SEC Report, Sallie Mae and Navient websites for the relevant history. It is well known that Sallie Mae still exists and still works with the Department of Education.

**EXHIBIT A**

Ergo, the need to identify documents as proof by providing proper disclosures and documents and identifying people who can attest to these facts along with a proper Privilege Log. Even if your statement is true that Sallie Mae is "no longer", I maintain that Sallie Mae is a separate defendant until a Court decides this matter. There is plenty of case law stating that a dissolved corporation is still responsible for their wrongdoing prior to dissolution.

Consider the argument that if I were to go out today and commit a crime, changing my name will not dismiss the fact that I committed a crime. I assert that Sallie Mae serviced my loan while I was in college and is a proper defendant in this matter. I am also well aware of Sallie Mae and Navient continually "changing their name and corporate status" as I contend, to avoid responsibility and continued lawsuits for their practice of illegal collections of debt and reporting or debts to the credit bureaus. As in, Navient, NSL or whatever you want to call it, is also under the name of Strada. There is long convoluted history of name changing, corporate buy outs, etc. This argument will need to be brought up before the Court or a Motion to Dismiss and is not a decision for these Defendants to make unilaterally. I consider Sallie Mae to be in default.

I have forwarded articles regarding dissolution of corporations and website pages showing Sallie Mae in the thick of student loans still today.

You asked for case law and evidence of my statement that I have never seen a Court deny that proper disclosures and a privilege log be made by all parties. I well know I really don't have to do this because you already are aware of this responsibility. I have attached at least ten Court Orders in reference to disclosures.

You both are more than likely members of the American Bar Association? It would be worth your while to re-educate yourself to ABA Trial Evidence, Summer 2011, Vol 19, No 4 issue to Lisa Stockholm's June 30, 2011 article, in particular, the section at page 13 entitled *The Duty to Disclose: Rule 37(c) and Self-Executing Sanctions.* **I consider that this has been or should be done in reference to this case.** But, of course, you are well aware of this subject which will be argued to the Court with full vengeance.

Please consider this letter as an additional attempt to confer. Also be advised that if proper disclosures and documents pursuant to the Rules of Civil Procedure, or any jurisdictional procedures are not forthcoming and/or received by February 26, 2018, I will have no other option but to contact the Court

Sincerely,

Coleen C. Hoffmeister

Coleen C. Hoffmeister

/cc: Katherine Ross, US DA
w/Attachments via email to counsel

## Coleen Hoffmeister

**From:** justin.balser@akerman.com
**Sent:** Thursday, April 26, 2018 12:36 PM
**To:** Coleen Hoffmeister; taylor.haywood@akerman.com
**Cc:** katherine.ross@usdoj.gov
**Subject:** RE: Hoffmeister, et al. v. The Secretary of the US Treasury, et al. - Proposed deadlines

Mr. Hoffmeister,

We've reviewed your motion and it appears you have made misrepresentations to the court. This is very concerning. For example, we never told you our clients would not appear for deposition. We asked you who you wanted to depose and you said your daughter and son-in-law. We advised you if you wanted to depose our clients, they would not be willing to travel to Colorado—you would need to travel to them. But, you never asked to depose our clients.

We discussed your failure to serve written discovery on our clients when discovery was open. You told us you forgot because you were too busy responding to the government's motion to dismiss and your workload.

Will you be withdrawing your motion and filing with what actually was discussed during the conferral call yesterday? Or, will we be required to bring this to the court's attention in opposition?

**Justin D. Balser**
Office Managing Partner, Denver
Consumer Financial Services Practice Group
Akerman LLP
**Denver:** 1900 16th Street, Suite 1700 | Denver, CO 80202
D: 303 640 2503 | T: 303 260 7712 | C: 303 483 5976 | F: 303 260 7714
**Los Angeles:** 601 West Fifth Street | Suite 300 | Los Angeles, CA 90071
T: 213 688 9500 | F: 213 627 6324
Admitted to Practice in Arizona, California, and Colorado
justin.balser@akerman.com

vCard | Profile



CONFIDENTIALITY NOTE The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it Thank you

**From:** Coleen Hoffmeister <CHoffmeister@wsteele.com>
**Sent:** Thursday, April 26, 2018 12:28 PM
**To:** Balser, Justin (Ptnr-Den) <justin.balser@akerman.com>; Haywood, Taylor (Assoc-Den) <taylor.haywood@akerman.com>
**Cc:** katherine.ross@usdoj.gov
**Subject:** RE: Hoffmeister, et al. v. The Secretary of the US Treasury, et al. - Proposed deadlines

Please find the Motion to Amend Scheduling Order and Exhibit A which will be filed by end of day.

**Coleen C. Hoffmeister** | Paralegal

**EXHIBIT B**

**From:** Coleen Hoffmeister
**To:** "justin.balser@akerman.com"; taylor.haywood@akerman.com
**Cc:** katherine.ross@usdoj.gov
**Subject:** RE: Hoffmeister, et al. v. The Secretary of the US Treasury, et al. - Proposed deadlines
**Date:** Thursday, April 26, 2018 1:10:00 PM

---

Then, I will revise the Motion and use this as an exhibit. **First, you have NEVER identified anyone within either company so how am I supposed to identify who I want to depose. To me, the statement below and your failure to provide identities of your people have made it impossible for me to ask to depose anyone and I consider a lack of cooperation.**

**Again, another argument which I intend to bring up to the Court in a revised original Motion to Amend. You continue to be difficult with every step of the way, to include disclosures of people with information which is in line with the Rules of Civil Procedure, discovery and additional time to respond.**

**I am quite tired of your arguing, failure to respond and continued difficulty in dealing in a fair manner in reference to this lawsuit. If you are sitting over there laughing because I'm doing my best & you two are having a ball throwing walls in front of me, fine. It will not deter me from getting this case to trial.**

**Due to your comments below, I will now be asking the Court for a discovery dispute hearing.**

**Coleen C. Hoffmeister** | Paralegal

**From:** taylor.haywood@akerman.com <taylor.haywood@akerman.com>
**Sent:** Thursday, April 19, 2018 5:57 PM
**To:** Coleen Hoffmeister <CHoffmeister@wsteele.com>
**Cc:** justin.balser@akerman.com; toni.domres@akerman.com; katherine.ross@usdoj.gov
**Subject:** RE: Hoffmeister, et al. v. The Secretary of the US Treasury, et al. - Navient's written discovery

Ms. Hoffmeister,

The deadline to designate experts expired March 19 and the deadline to serve written discovery expired April 13. We can check but we do not think our clients will agree to amend the scheduling order to re-set these deadlines.

We will also check on deposition dates but need more information. To start, who are you planning to depose? Also, please keep in mind our clients are not willing to travel to Colorado for depositions. I'm not sure about USA Funds, but NSL does not have any witnesses west of Indianapolis.

Sincerely,

**EXHIBIT C**

**Taylor T. Haywood**
Associate, Consumer Financial Services Practice Group
Akerman LLP | 1900 Sixteenth Street, Suite 1700 | Denver, CO 80202
D: 303 640 2531 | T: 303 260 7712 | F: 303 260 7714
Admitted to Practice in Colorado and North Carolina
taylor.haywood@akerman.com

**From:** Coleen Hoffmeister <CHoffmeister@wsteele.com>
**Sent:** Thursday, April 19, 2018 12:53 PM
**To:** Domres, Toni (Para-Den) <toni.domres@akerman.com>; katherine.ross@usdoj.gov
**Cc:** Balser, Justin (Ptnr-Den) <justin.balser@akerman.com>; Haywood, Taylor (Assoc-Den) <taylor.haywood@akerman.com>
**Subject:** RE: Hoffmeister, et al. v. The Secretary of the US Treasury, et al. - Navient's written discovery

We need to move all discovery cut off dates up.

Discovery Deadline is May 14th. Expert Disclosures is June 11th We have Discovery requests to serve and need to set depositions in the very near future. Two of which I want to set just after the first of June – therefore, could you run some available dates by me?

Can we agree to set up all deadlines 45 days out and request an extension from the Court as unopposed?

**Coleen C. Hoffmeister** | Paralegal
WHITE AND STEELE
600 17th Street, Suite 600N
Denver, Colorado 80202
Phone 303-824-4321
Fax 303-296-3131
Email choffmeister@wsteele.com

**From:** toni.domres@akerman.com <toni.domres@akerman.com>
**Sent:** Friday, April 13, 2018 4:23 PM
**To:** Coleen Hoffmeister <CHoffmeister@wsteele.com>; katherine.ross@usdoj.gov
**Cc:** justin.balser@akerman.com; taylor.haywood@akerman.com
**Subject:** Hoffmeister, et al. v. The Secretary of the US Treasury, et al. - Navient's written discovery

Good afternoon,

Attached please find Navient Solutions, LLC's first set of interrogatories, requests for admission, and requests for production of documents propounded on both plaintiffs. You will also receive a courtesy copy via U.S. Mail.

Thank you.

**Toni M. Domres**

Paralegal, Consumer Financial Services Practice Group
Akerman LLP | 1900 16th Street, Suite 1700 | Denver, CO 80202
D: 303 640 2501 | T: 303 260 7712 | F: 303 260 7714
toni.domres@akerman.com

Akerman Logo



CONFIDENTIALITY NOTE The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it Thank you

**Coleen C. Hoffmeister** | Paralegal

**From:** justin.balser@akerman.com <justin.balser@akerman.com>
**Sent:** Thursday, April 26, 2018 12:36 PM
**To:** Coleen Hoffmeister <CHoffmeister@wsteele.com>; taylor.haywood@akerman.com
**Cc:** katherine.ross@usdoj.gov
**Subject:** RE: Hoffmeister, et al. v. The Secretary of the US Treasury, et al. - Proposed deadlines

Mr. Hoffmeister,

We've reviewed your motion and it appears you have made misrepresentations to the court. This is very concerning. For example, we never told you our clients would not appear for deposition. We asked you who you wanted to depose and you said your daughter and son-in-law. We advised you if you wanted to depose our clients, they would not be willing to travel to Colorado—you would need to travel to them. But, you never asked to depose our clients.

We discussed your failure to serve written discovery on our clients when discovery was open. You told us you forgot because you were too busy responding to the government's motion to dismiss and your workload.

Will you be withdrawing your motion and filing with what actually was discussed during the conferral call yesterday? Or, will we be required to bring this to the court's attention in opposition?

**Justin D. Balser**
Office Managing Partner, Denver
Consumer Financial Services Practice Group
Akerman LLP
Denver: 1900 16th Street, Suite 1700 | Denver, CO 80202
D: 303 640 2503 | T: 303 260 7712 | C: 303 483 5976 | F: 303 260 7714
Los Angeles: 601 West Fifth Street | Suite 300 | Los Angeles, CA 90071

T: 213 688 9500 | F: 213 627 6324
Admitted to Practice in Arizona, California, and Colorado
justin.balser@akerman.com

vCard | Profile

Akerman Logo



CONFIDENTIALITY NOTE The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it Thank you

**From:** Coleen Hoffmeister <CHoffmeister@wsteele.com>
**Sent:** Thursday, April 26, 2018 12:28 PM
**To:** Balser, Justin (Ptnr-Den) <justin.balser@akerman.com>; Haywood, Taylor (Assoc-Den) <taylor.haywood@akerman.com>
**Cc:** katherine.ross@usdoj.gov
**Subject:** RE: Hoffmeister, et al. v. The Secretary of the US Treasury, et al. - Proposed deadlines

Please find the Motion to Amend Scheduling Order and Exhibit A which will be filed by end of day.

**Coleen C. Hoffmeister** | Paralegal