IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00889-LTB-MEH

COLEEN C. HOFFMEISTER,

    Plaintiff,

v.

NAVIENT,
UNITED STUDENT AID FUNDS, and
SALLIE MAE STUDENT LOAN AND STUDENT LOAN FORGIVENESS,

    Defendants.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants Navient Solutions, LLC ("NSL") (erroneously sued as "Navient" and "Sallie Mae Student Loan") and United Student Aid Funds, Inc.'s ("USA Funds") (collectively, the "Defendants") Motion for Summary Judgment. ECF No. 134. In the Motion, Defendants argue that summary judgment is appropriate on the five remaining claims Plaintiff asserts in her Second Amended Complaint ("SAC").

Plaintiff proceeds pro se. As such, I must construe her pleadings liberally but not act as her advocate. *Jaramillo v. R & S Steel, Inc.*, No. 10-cv-00346-REB-BNB, 2011 WL 662778, at *1 (D. Colo. Jan. 20, 2011). The five claims are: Claim 3 under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); Claim 4 for "Fail[ure] to Act in the Best Interest of Plaintiff[];" Claim 5 for "Fail[ure] in Their Fiduciary Duty to Account for Monies Not Due and Owing;" Claim 6 under the Fair Debt Collection Practices Act ("FDCPA"); and Claim 7 under the Fair Credit Reporting Act ("FCRA").

In the Motion, Defendants sufficiently meet their burden for summary judgment under Fed. R. Civ. P. 56, either by identifying the portions of the record that demonstrate there is no dispute of material fact, or by "'showing' . . . that there is an absence of evidence to support [Plaintiff's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This shifts the burden under Rule 56 to Plaintiff to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. Plaintiff's Response fails to meet her burden for two reasons. First, Plaintiff supports her Response with documents that are not authenticated and therefore cannot be considered on a motion for summary judgment. Second, Plaintiff does not specifically address Defendants' arguments by responding with evidence raising material factual issues for each claim. Without direction from Plaintiff, I am unable to determine whether, in the entirety of the record, material disputes of fact exist. A "district court [i]s not obligated to comb the record in order to make [a plaintiff's] arguments for h[er]." *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000); *Duran v. LaFarge N. Am., Inc.*, 855 F. Supp. 2d 1243, 1252 (D. Colo. 2012) ("The Court has no obligation to sift through [a plaintiff's] evidence to find support for h[er] arguments."). These deficiencies are fatal to her claims, because it leaves me unable to identify where, if any, material disputes of fact exist. Accordingly, for the reasons that follow, I respectfully recommend that Defendants' Motion be **granted**.

## BACKGROUND

I.  **Procedural History**

Plaintiffs Coleen C. Hoffmeister and her husband, Charles R. Hoffmeister, initiated this action on April 11, 2017. *See* ECF No. 1. They filed the operative SAC on November 8, 2017, against NSL, USA Funds, and, additionally, Secretary of the U.S. Treasury, U.S. Treasury

Department, Secretary of the U.S. Department of Education, U.S. Department of Education, and U.S. Internal Revenue Service (collectively, the "Federal Defendants"). ECF No. 56. In the SAC, Plaintiffs brought nine claims for relief, asserting Claims 3–9 against NSL and USA Funds. *See id.* at 7–26. On December 5, 2017, the Federal Defendants filed a motion to dismiss all claims against them, ECF No. 67; on March 27, 2018, I recommended that Judge Babcock grant the motion, ECF No. 89; and on May 30, 2018, Judge Babcock issued an order accepting the recommendation and dismissing the Federal Defendants from the suit, ECF No. 105. On June 20, 2018, Mr. Hoffmeister stipulated to dismiss his claims, leaving only Ms. Hoffmeister as a Plaintiff. ECF No. 111.

On October 25, 2018, Plaintiff stipulated to the dismissal of Claims 8 and 9, leaving only the five remaining claims. ECF No. 133. Defendants filed this Motion on October 29, 2018, and the Motion was fully brief on January 22, 2019. ECF No. 141.

## II. Defendants' Objections to Plaintiff's Exhibits

As a preliminary matter, Defendants object to ten of Plaintiff's exhibits submitted with her Response to the Motion: Exhibits G, I, J, K, L, M, R, S, T, and U. Reply 3. Of these, Exhibit G is titled "Timeline" and provides dates and a description of purported events related to this case, but it does not cite to portions of the record to support the stated events; Exhibits I, J, L, M, R, S, and U appear to be various internet printouts; Exhibit K purports to be a draft study by the U.S. Department of the Treasury; and Exhibit T purports to be a press release from the Department of the Treasury. None of these documents are accompanied by an affidavit of authenticity.

Defendants argue these exhibits should be excluded, because they are not admissible evidence. "A court may not consider all proffered evidence when ruling on a summary judgment motion; only admissible evidence may enter the analysis." *Bullock v. Wayne*, 623 F. Supp. 2d

1247, 1252 (D. Colo. 2009). "While the party opposing summary judgment need not produce evidence in a form that would be admissible at trial, the content or substance of the evidence must be admissible." *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009) (quoting *Wright-Simmons v. City of Okla. City*, 155 F.3d 1264, 1268 (10th Cir. 1998)). As for the attached documents, "[a]s a condition precedent to admissibility, Fed. R. Evid. 901 requires authentication or identification with 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Strepka v. Jonsgaard*, No. 10-cv-00320-PAB-KMT, 2011 WL 2883375, at *6 (D. Colo. July 18, 2011); *see Jaramillo*, 2011 WL 662778, at *3 ("The document is not authenticated; it is not sufficiently identified; it appears to be impermissible hearsay; and it contains no facial indicia of reliability. Therefore, the document is not appropriate for consideration on summary judgment.").

Here, Plaintiff has not accompanied the above-listed exhibits with an affidavit that authenticates the documents. Therefore, Plaintiff has not presented sufficient evidence to "support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Therefore, I respectfully recommend that the documents may not be considered for the Motion.

## III. Findings of Fact

The Court makes the following findings of fact viewed in the light most favorable to Plaintiff, who is the non-moving party in this matter.

1. Plaintiff attended Washburn University in Topeka, Kansas, from 1980 to 1983 and 1993 to 1997. She graduated with a Bachelor of Arts in English in 1997. Resp. 1; *see* Mot. Summ. J. ¶ 1.

2. Plaintiff financed her education, in part, with federal Stafford loans. From 1993 to 1996, Plaintiff completed five applications for federal loans. Resp. ¶ 1; Reply ¶ 2; *see* Aff. of Michelle

4

Iorio ("Iorio Aff.") ¶ 7, ECF No. 134-2. Plaintiff also worked full time to finance her college degree. Resp. ¶ 1; Reply ¶ 1.

3. Plaintiff received six disbursements of student loans, which occurred as follows: (1) $1,500 on October 6, 1993; (2) $2,000 on September 30, 1994; (3) $2,153 on October 2, 1995; (4) $747 on October 2, 1995; (5) $873 on August 7, 1996; and (6) $1,000 on August 27, 1996 (the "Loans"). Mot. Summ. J. ¶ 4; Resp. ¶ 4.

4. NSL, operating either as NSL, Navient Solutions, Inc., or Sallie Mae, Inc., serviced the Loans from the time they were first disbursed. Mot. Summ. J. ¶¶ 5–6; Iorio Aff. ¶¶ 9, 12.[1]

5. NSL previously conducted business as "Sallie Mae, Inc." Sallie Mae, Inc. changed its name to "Navient Solutions, Inc." effective May 1, 2014. Navient Solutions, Inc. converted to a limited liability company and changed its name to Navient Solutions, LLC effective January 31, 2017.[2] Mot. Summ. J. ¶ 17; *see* Req. for Judicial Notice Ex. 1 at 1–2, ECF No. 134-6; *id.* Ex. 2 at 1–2.

6. The Loans defaulted due to delinquency on May 30, 2014. Specifically, Plaintiff did not make any payments toward the Loans between March 2013 and May 2014. Iorio Aff. ¶ 9.[3]

---

[1] Plaintiff purports to deny this fact. *See* Resp. ¶ 5. However, Plaintiff does not cite to any evidence in the record to support the denial. Instead, she cites to her "Recommendations to the Court" she filed to object to my Recommendation on the Federal Defendants' Motion to Dismiss. *See* ECF No. 103. However, this document does not identify any factual material in the record to dispute Defendants' material fact. Therefore, I consider the fact as undisputed for the purpose of this Motion. Fed. R. Civ. P. 56(e)(2) ("If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion[.]").

[2] I take judicial notice of the documents submitted by Defendants from the Colorado Secretary of State's office that verify these facts. The Tenth Circuit has approved of courts taking judicial notice of information on government websites under Fed. R. Evid. 201(b). *See New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n.22 (10th Cir. 2009).

[3] Plaintiff denies this fact. *See* Resp. ¶ 8. Plaintiff asserts that she did not make payments on a student loan from 2004 to 2013. *Id.* However, she does not identify how this dispute of fact is material to any of her claims.

7. After the default, NSL transferred to the Loans to USA Funds on May 20, 2014. *Id.* ¶ 9.

8. Plaintiff cured the default and brought the Loans current by completing the Federal Rehabilitation Program. *Id.* ¶ 10. [4]

9. After Plaintiff cured the default, USA Funds transferred the Loans back to NSL on January 5, 2017. *Id.*

10. The Loans were current when USA Funds transferred them back to NSL. *Id.*

11. During the period the Loans were in delinquency, Plaintiff claims the Internal Revenue Service and the Department of Education "seized" the Hoffmeisters' 2015 income tax refund due the default. Mot. Summ. J. ¶ 10; Resp. ¶ 10.

## **LEGAL STANDARD**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the court the factual basis for its motion. *Celotex Corp.*, 477 U.S. at 323. "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden

---

[4] Plaintiff also denies this fact. *See* Resp. ¶ 12. However, she does not cite to any admissible evidence in the record to support the denial.

of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 975 (10th Cir. 2017).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."); *see also Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## ANALYSIS

**I.      Claim 3: RICO**

Plaintiff asserts her third claim under RICO, which provides a private right of action for individuals injured in their business or property through a pattern of racketing activity. *Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir. 2014). "'RICO is to be read broadly[]' and is to 'be liberally construed to effectuate its remedial purposes.'" *Plains Res., Inc. v. Gable*, 782 F.2d 883, 887 (10th Cir. 1986) (citation omitted) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497–98 (1985)). "The elements of a civil RICO claim are (1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity." *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006). "RICO is founded on the concept of racketeering activity. The statute defines 'racketeering activity' to encompass dozens of state and federal offenses, known in RICO parlance as predicates. These predicates include any act 'indictable' under specified federal statutes . . . ." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 882 (10th Cir. 2017) (quoting *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2096 (2016)).

Defendants argue that summary judgment is appropriate, because Plaintiff has failed to support the allegations of this claim with sufficient evidence. Mot. Summ. J. 5–7. This argument alone is sufficient to shift the burden to Plaintiff to demonstrate a dispute of material fact exists. *Celotex Corp.*, 477 U.S. at 325 ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). Plaintiff fails to meet this burden.

Plaintiff fails to cite to materials in the record that support the elements of a RICO claim. *See* Fed. R. Civ. P. 56(c)(1). Specifically, she fails to identify any predicate act committed by Defendants. She vaguely argues that "the record reflects a gross negligence of all Defendants by

purposefully denying Plaintiff the opportunity to repay the amounts due and owing against the Fair Debt Collection Practices and Reporting . . . ." Resp. 3 (emphasis omitted). To the extent this argument is founded on violations of the FDCPA as predicate acts, the claim must fail. "Racketeering activity is specifically limited to certain violations of federal law and does not include FDCPA violations." *Martinez v. Guglielmo & Assocs., PLLC*, No. 1:13-cv-872-JAP/WPL, 2014 WL 12597409, at *6 (D.N.M. June 19, 2014); *see Neild v. Wolpoff & Abramson, LLP*, 453 F. Supp. 2d 918, 926 (E.D. Va. 2006) ("[A]cting in violation of the FDCPA is not [a predicate offense for the purposes of RICO]."). Otherwise, Plaintiff does not identify evidence of any predicate act in the record. Accordingly, the claim must fail, and I respectfully recommend the Motion be **granted** as to Claim 3.

## II.     Claim 4: Failure to Act in the Best Interest of Plaintiff

Defendants argue that Plaintiff has presented no evidence that a fiduciary relationship existed between Plaintiff and Defendants sufficient to support her fourth claim for relief. Under ordinary circumstances, Colorado law states that no fiduciary relationship exists between borrower and lender. *Dolton v. Capitol Fed. Sav. & Loan Ass'n*, 642 P.2d 21, 23 (Colo. App. 1981). However, in the context of that relationship, "a confidential relationship may arise under circumstances in which a person occupies a superior position over another with the opportunity to use that superiority to his advantage over the other." *First Nat'l Bank of Meeker v. Theos*, 794 P.2d 1055, 1060–61 (Colo. App. 1990). While "a confidential relationship may arise from a multitude of circumstances, the party claiming its existence must show that he justifiably reposed a special trust or confidence in the other to act in the claimant's interest." *Id.* at 1061.

In this case, Defendants argue summary judgment is appropriate, because Plaintiff has not presented any evidence demonstrating that a special relationship of trust and confidence existed in

9

the borrower/lender relationship. Mot. Summ. J. 8. Indeed, in her deposition, Plaintiff testified that the alleged fiduciary duty arises merely from the existence of a contract. Dep. of Coleen C. Hoffmeister, June 4, 2018 ("Hoffmeister Dep."), 72:24–73:1, ECF No. 134-1. Specifically, she asserts that the purported fiduciary duty to support her claim arises out of "any contract." *Id.* at 72:24. But Colorado law is to the contrary. *Torke v. FDIC*, 761 F. Supp. 754, 757 (D. Colo. 1991) ("No per se fiduciary relationship exists by virtue of the borrower-lender relationship between a bank and a customer of the bank without exceptional circumstances . . . ."). Moreover, Plaintiff presents no further evidence that would suggest she "justifiably reposed a special trust or confidence" in either Defendant. *Theos*, 794 F.2d at 1061. Therefore, this claim must fail, and I respectfully recommend the Motion be **granted** as to Claim 4.

**III.** **Claim 5: Breach of "Fiduciary Duty to Account for Monies Not Due and Owing"**

This claim pertains to the alleged misappropriation of the Hoffmeisters' 2015 federal income tax return of $1,358. *See* SAC ¶¶ 40, 44. Defendants argue that this claim fails, because Plaintiff has admitted that the Internal Revenue Service and the Department of Education seized those funds, and she has presented no evidence that Defendants misappropriated the tax return. Mot. Summ. J. 8–9. In her deposition, Plaintiff testified that the "IRS and the Department of Education" "seized" the income tax return. Hoffmeister Dep. at 93:21–94:1. Here, Plaintiff points to no evidence that either Defendant misappropriated these funds. Accordingly, she has not shown a dispute of material fact, and I respectfully recommend Defendants' Motion be **granted** as to Claim 5.

**IV.     Claim 6: Violation of the FDCPA**

Defendants argue that summary judgment is appropriate on the sixth claim but contend the grounds differ for each Defendant.  To establish a violation of the FDCPA, a plaintiff must show the following four elements:

> (1) [The] [p]laintiff is any natural person who is a "consumer" within the meaning of 15 U.S.C. § 1692a(3);
>
> (2) The "debt" arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C. § 1692a(5);
>
> (3) [The] [d]efendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and
>
> (4) [The] [d]efendant has violated, by act or omission, a provision of the FDCPA.

*Rhodes v. Olson Assocs., P.C.*, 83 F. Supp. 3d 1096, 1103 (D. Colo. 2015).  First, Defendants argue that NSL should be dismissed, because it is not a "debt collector" within the meaning of § 1692a(6).  Second, they argue USA Funds should be dismissed, because Plaintiff has not presented sufficient evidence that raises a material factual issue as to whether it otherwise violated the FDCPA.  Mot. Summ. J. 10–11.

    A.     NSL

NSL first argues is it not a "debt collector" under § 1692a(6).  That term is defined as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  The definition also excludes "any person collecting or attempting to collect any debt . . . which was not in default at the time it was obtained by such person[.]" § 1692a(6)(F)(iii).  NSL claims it is not a debt collector, because there is no dispute that the Loans were current when it began servicing them, both at origination and in January 2017.  As evidence,

11

Ms. Iorio attests that the Loans were current when NSL (operating as Sallie Mae, Inc., Navient Solutions, Inc., or NSL) received them in both instances. Iorio Aff. ¶¶ 9–10, 12.

This showing shifts the burden to Plaintiff to demonstrate a genuine dispute of fact exists. Plaintiff purports to deny that the Loans were in good standing when NSL began servicing them. Specifically, she denies that NSL serviced the Loans in 1993. *See* Resp. ¶ 7. However, Plaintiff cites to no evidence to support this denial. *See id.* To the extent Plaintiff denies that NSL serviced the Loans after they were first disbursed, Plaintiff cites only to Exhibit K, which I have determined may not be considered for this Motion. Because Plaintiff has failed to present any evidence that the Loans were not in good standing when NSL began servicing them, NSL cannot be a "debt collector" under § 1692a(6). Therefore, her FDCPA claim against NSL must fail, and I respectfully recommend its Motion be **granted** as to Claim 6.

B. USA Funds

Defendants argue that summary judgment is appropriate for USA Funds, because Plaintiff has presented no evidence that it violated § 1692d(3) of the FDCPA. Mot. Summ. J. 10–11. That section prohibits a "debt collector" from publishing "a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency" or other individuals not at issue here. 15 U.S.C. § 1692d(3). Defendants cite to Plaintiff's deposition, in which she testified that she "kept seeing on the media" that 78 million people "haven't repaid their debt to student loans." Hoffmeister Dep. at 91:14–16. Plaintiff stated that these reports were published by "the government." *Id.* at 92:4. Moreover, she admitted that neither NSL, USA Funds, nor Sallie Mae were referenced in the reports. *Id.* at 92:13–18. The reports also did not mention her by name. *Id.* at 93:5–6. These facts would negate a potential violation of § 1692d(3). *See Page v. Checkrite, Ltd.*, No. CV 82-L-

317, 1984 WL 1052036, at *7 (D. Neb. Apr. 24, 1984) (finding a bulletin that did not publish the "full proper names" of alleged debtors did not violate § 1692d(3)).

As with Defendants' other arguments, Plaintiff does not specifically respond. Because she has failed to identify a genuine dispute of material fact as to this claim, I respectfully recommend that USA Funds' Motion be **granted** as to Claim 6.[5]

## V.    Claim 7: Violation of FCRA

Defendants argue that summary judgment is appropriate on Plaintiff's FCRA claim, because the law does not provide a private right of action against furnishers. Mot. Summ. J. 11–12. The private right of action in the FCRA "is limited to claims against the credit reporting agency; it does not extend to furnishers." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012); *Clark v. Green Tree Servicing, LLC*, 69 F. Supp. 3d 1203, 1213 (D. Colo. 2014) ("[T]here is no private right of action under § 1681s–2(a) of FCRA against entities that provide information to the credit reporting agencies."). Plaintiff does not respond to this argument or otherwise suggest why the claim should proceed. Accordingly, I respectfully recommend that the Motion be **granted** as to Claim 7.

## CONCLUSION

Defendants have met their burden to show that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial. Plaintiff has failed to respond with specific facts showing a genuine factual issue for trial. Therefore, I respectfully recommend Defendants' Motion for Summary Judgment [filed October 29, 2019; ECF No. 134] be **granted**.

---

[5] This conclusion applies equally to NSL.

Entered and dated at Denver, Colorado, this 14th day of March, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge